UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PETKE CONSTRUCTION CO., INC., a Virginia corporation, <br><br>      Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA <br><br> and <br><br> GREENLAND ENTERPRISES, INC., <br><br>      Defendants. | Case No. 3:21cv00219 |

**COMPLAINT UNDER 40 U.S.C. §§ 3131-3134 (MILLER ACT) AND FOR BREACH OF CONTRACT**

NOW COMES the United States of America, for the use and benefit of Petke Construction Co., Inc. ("Petke Construction"), by and through its attorneys of record, and for its Complaint under the Miller Act and for Breach of Contract against Travelers Casualty and Surety Company of America ("Travelers") and Greenland Enterprises, Inc. ("Greenland"), alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Petke Construction is a corporation organized and existing under the laws of the

---

Paul McCourt Curley, Esquire VSB No. 43974
SIX EAST LAW GROUP –
CURLEY LAW FIRM, PLLC
6 East Broad Street
Richmond, Virginia 23219
804-355-8273
E-Mail: paul.curley@sixeastlaw.com
 *Counsel for Plaintiff*

Commonwealth of Virginia with its principal place of business in the City of Richmond, Virginia.

2. Petke Construction regularly provides labor, materials, equipment, and other services and expertise for building and construction projects on a contractual basis.

3. Travelers is a Connecticut corporation that issued the Bond (hereinafter defined) in connection with the Project (hereinafter defined). This Court has personal jurisdiction over Travelers because it has conducted business in this District by, among other things, issuing the Bond with respect to the Project.

4. Greenland is a corporation organized and existing under the laws of the Commonwealth of Virginia. The Court has personal jurisdiction over Greenland because it conducts business in this District by supplying labor and materials to construction projects in this District, including the Project, which is located in Richmond, Virginia.

5. This Court has subject matter jurisdiction over Count I of this action because the claim arises under 40 U.S.C. §§ 3131-3134, commonly known as the Miller Act.

6. This Court has subject matter jurisdiction over Count II of this action pursuant to 28 U.S.C. § 1367 because the claim contained in Count II is so related to the claim in the original action (Count I) under the Miller Act that they are part of the same case or controversy.

7. Venue in this District is proper under 28 U.S.C. Section 1391(a)(2) as the actions or omissions giving rise to this lawsuit occurred in this District.

## COUNT I
### (MILLER ACT CLAIM – TRAVELERS AND GREENLAND)

8. Petke Construction adopts and realleges paragraphs 1 through 7 as if fully set forth herein.

9. On or about September 11, 2018 the United States Department of Veterans Affairs contracted with Greenland as general contractor for the construction or improvement of the VAMC

Richmond located in Richmond, Virginia under Contract Number 36C24618C0099-652-C80434 and known as "H.H. McGuire VA Medical Center – Expand Generator Capacity" (the "Project"). A copy of said contract is unavailable to Petke Construction at this time.

10. On or about November 2, 2018 Greenland entered into a subcontract agreement (the "Subcontract") with Petke Construction in connection with the Project whereby Petke Construction agreed to provide:

> …all labor, supervision, quality control, material, tools, equipment, shop drawings, submittals, layout, unloading, scaffolding, ladders, hoisting, transportation, taxes, permits, engineering, support functions, insurance, bonds, and any other items or services necessary for and reasonably incidental to the proper execution and satisfactory completion of the Subcontract Work, whether temporary or permanent, in accordance with all drawings, specifications, addenda, amendments, general conditions, requirements, and other related documents in the Prime Contract for the Project…

In exchange, Greenland agreed to pay Petke Construction as set forth in the Subcontract, a true copy of which is attached hereto and made a part hereof as Exhibit A.

11. Pursuant to 40 U.S.C. §3131(b)(2), on September 12, 2018, Greenland obtained from Travelers a payment bond, bond number 106971359 (the "Bond"), for the protection of all persons supplying labor and material in the construction of the Project. A true and correct copy of the Bond is attached hereto and made a part hereof as Exhibit B.

12. Pursuant to and after the execution of the Subcontract, Petke Construction provided labor, materials, equipment, supervision, and other work necessary for its performance of its portion of the Project. Petke Construction last provided labor, materials, equipment, supervision, and other work necessary for its performance of its portion of the Project on April 7, 2020.

13. More than 90 days have elapsed from the date on which the last of the material and labor was furnished and supplied by Petke Construction to Greenland for the Project.

14. Less than one year has elapsed from the date the last of the material and labor was furnished and supplied by Petke Construction to Greenland for the Project.

15. After allowing for just credits, deductions and set-offs, there remains due and owing to Petke Construction by Greenland the sum of $661,534.85, for which demand has been made by Petke Construction and Greenland has failed and/or refused to pay.

16. Petke Construction has fully performed all the obligations imposed upon it by the terms of the Subcontract with Greenland and all conditions precedent to the institution and maintenance of this action have been met.

WHEREFORE, the United States of America for the use and benefit of Petke Construction Co., Inc., the Plaintiff herein, respectfully requests that judgment be entered in its favor and against the Defendants, Travelers Casualty and Surety Company of America and Greenland Enterprises, Inc., jointly and severally, in the amount of $661,534.85, plus costs, and for such other and further relief as the nature of the case may require.

## COUNT II
### (BREACH OF CONTRACT - GREENLAND)

17. Petke Construction adopts and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Greenland has breached the Subcontract with Petke Construction by failing to pay Petke Construction the amounts due it for the labor and materials furnished to the Project by Petke Construction in accordance with the Subcontract despite Petke Construction's demands therefore.

WHEREFORE, the United States of America for the use and benefit of Petke Construction Co., Inc., the Plaintiff herein, respectfully requests that judgment be entered in its favor and against the Defendant, Greenland Enterprises, Inc., in the amount of $661,534.85, plus costs, and for such

other and further relief as the nature of the case may require.

                    **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PETKE CONSTRUCTION CO., INC.,**

BY:   /s/ Paul McCourt Curley
                Counsel

Paul McCourt Curley, Esq. VSB No. 43794
SIX EAST LAW GROUP –
CURLEY LAW FIRM, PLLC
6 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 355-8273
E-Mail: paul.curley@sixeastlaw.com
www.sixeastlaw.com
  *Counsel for Plaintiff*